U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE RHYMES | CIVIL ACTION NO. 05-0931 |
| VS. | SECTION P |
| WARDEN, RICHWOOD | JUDGE LITTLE |
| CORRECTIONS CENTER | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

Before the court is the petition for writ of habeas corpus (28 U.S.C. § 2254) filed in forma pauperis by pro se petitioner Ronnie Rhymes on May 27, 2005. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Richwood Corrections Center in Monroe, Louisiana. In this petition, he attacks his January 2001 conviction and on a charge of cruelty to a juvenile and forgery and the sentence imposed by the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying Memorandum and exhibits, and the presumptively reliable published jurisprudence of the state of Louisiana, establish the following:

Petitioner was convicted of cruelty to a juvenile and

forgery in the Ninth Judicial District Court on January 25, 2001, and, sometime thereafter, he was sentenced to serve ten years. [Doc. 1, p.1]

Petitioner did not directly appeal his conviction or sentence. He did not seek direct review in the United States Supreme Court. [Doc. 1, p. 2]

Petitioner claims to have filed an Application for Post-Conviction Relief in the Ninth Judicial District Court raising the issue of ineffectiveness of counsel. He does not allege the date of this filing, however, he claims that the Application was denied on February 13, 2003. [Doc. 1-1, p. 2] He claims that he did not seek further review of his ineffective counsel claim in the Louisiana Court of Appeals or the Louisiana Supreme Court. [Doc. 1, p. 5] He provides the excuse that the attorney he hired to work on his post-conviction appeal was brought before the disciplinary board on a complaint. This is the same attorney, Hammond, who filed the post-conviction application denied by the Ninth J.D.C. on February 13, 2003. Petitioner did not timely apply for writs to the Court of Appeals, or to the Louisiana Supreme Court.

The instant habeas petition was signed on an unspecified date, and post-marked May 25, 2005; it was received and filed in this court on May 27, 2005. Petitioner did not exhaust his state court remedies either by direct appeal or by application for

post-conviction. The attorney Petitioner hired was the subject of disciplinary action by the Louisiana Disciplinary Board for a plethora of complaints, including Petitioner's complaint of failure to keep apprised of his case. Petitioner alleges he was denied the application for post-conviction in February 2003. The attorney, Hammond was disciplined in spring of 2005. Two years from the date of the Ninth J.D.C. denial. Petitioner argues that his failure to exhaust state court remedies is because "the counsel I hired to file my post conviction error; causing it to be denied, and fail to enlighte (sic) me of procedures." [Rec. Doc. 1-1, p. 6]

## LAW AND ANALYSIS

### 1. Procedural Default

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

The Second Circuit Court of Appeals[1] and the Louisiana

---

[1] The Second Circuit cited neither *Melinie*, *supra* nor art. 930.3. Nevertheless, it is clear that the court denied relief on the basis of the procedural bar articulated in *Melinie* by stating, "...the failure to specifically inform the applicant of the sentence enhancement provision is a sentencing error which cannot be addressed in post-conviction relief actions and the trial court properly denied the request." *State v. Williams*, No. 37557-KH (La. App. 2d Cir. 5/8/2003)(emphasis supplied).

Supreme Court refused to consider the merits of petitioner's
claim, the latter specifically articulating state procedural
grounds, Louisiana Code of Criminal Procedure Article. 930.3 and
*State v. Melinie*, 665 So.2d 1172 (La.1996). Article 930.3
provides the exclusive grounds for seeking post-conviction relief
in the Louisiana courts::

> If the petitioner is in custody after
> sentence for conviction for an offense,
> relief shall be granted only on the following
> grounds:
> (1) The conviction was obtained in violation
> of the constitution of the United States or
> the state of Louisiana;
> (2) The court exceeded its jurisdiction;
> (3) The conviction or sentence subjected him
> to double jeopardy;
> (4) The limitations of the institution of
> prosecution had expired;
> (5) The statute creating the offense for
> which he was convicted and sentenced is
> unconstitutional; or
> (6) The conviction or sentence constitute the
> ex post facto application of law in violation
> of the constitution of the United States or
> the state of Louisiana.

In *Melinie, supra*, the Louisiana Supreme Court ruled that
Article 930.3 provides no basis for review of claims of
excessiveness or other sentencing errors post-conviction.  Such
claims, which may be raised on direct appeal, are not grounds for
post conviction relief. 665 So.2d 1172 (La.1996). Review of
Louisiana Supreme Court cases since the decision of *Melinie,
supra*, establishes that the Louisiana Supreme Court has regularly
invoked the statutory procedural bar and the *Melinie* decision to

bar review of sentencing error claims not cognizable under
Article 930.3. Accordingly, this court finds that the statute is
adequate to bar federal review of petitioner's claims in the
instant case.

Further, the Supreme Court also refused to consider the
merits of petitioner's claims based upon the timeliness
provisions of La. C.Cr.P. art 930.8.  In *Glover v. Cain*, 128 F.3d
900 (5th Cir.1997), the Fifth Circuit held that article 930.8 was
an independent and adequate state procedural rule for purposes of
determining whether the petition was barred by procedural
default.

### 2. Avoidance of the Procedural Bars

When a state prisoner has defaulted on his federal claims in
the state courts pursuant to an independent and adequate state
procedural rule, he can avoid the bar of procedural default only
if he can show (1) a miscarriage of justice exists (i.e.  actual
innocence), *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135
L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct.
2639, 91 L.Ed.2d 397 (1986), or (2) "cause for the noncompliance"
with state law and "actual prejudice resulting from the alleged
constitutional violation." *Coleman*, 501 U.S. at 750 (*quoting,
Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53
L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar

by showing a fundamental miscarriage of justice, the petitioner
must assert his actual innocence by showing that "a
constitutional violation has probably resulted in the conviction
of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin
v. Johnson* 150 F.3d 467, 473 (5ᵗʰ Cir. 1998); *Glover v. Cain*,
128 F.3d 900, 904 (5ᵗʰ Cir. 1997); *Ward v. Cain*, 53 F.3d 106,
108 (5ᵗʰ Cir. 1995). To support such an exception, the petitioner
must allege that as a factual matter he did not commit the crime
of which he has been convicted. *Corwin*, 150 F.3d at 473; *Ward*, 53
F.3d at 108.

Furthermore, in order for a *habeas* petitioner to avoid
procedural bar by showing cause and prejudice, the petitioner
must show that "some objective factor external to the defense"
prevented the petitioner from properly raising the claim in state
court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113
L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488).

A defendant may show "cause" by proving ineffective
assistance of counsel in violation of the Sixth Amendment of the
Constitution. See *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct.
2639, 91 L.Ed.2d 397 (1986). But petitioner is reminded, "In
addition to cause, [he] must show actual prejudice to overcome
the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994
(5th Cir.1996) (internal quotations omitted). "The movant makes
this showing where he demonstrates that, <u>but for</u> the error, he

might not have been convicted." *Id.* See *Pickney v. Cain,* 347 F.3d 542, 545 (5th Cir. 2003).

Further, petitioner is reminded that in order to show that a failure to consider these claims will result in a "fundamental miscarriage of justice" he must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

Since it appears that consideration of petitioner's claim is barred by the procedural default doctrine, petitioner should amend his petition to establish either that the procedural default imposed herein is not regularly applied or was wrongfully applied in petitioner's case. In the alternative, petitioner should argue and show "cause and prejudice" or actual innocence.

### 3. Time Bar

28 U.S.C. § 2244(d)(1)(A) requires that a petitioner bring his § 2254 *habeas* claims within one year of the date his conviction became final, subject of course, to the statutory

tolling provisions set forth in § 2244(d)(2) which provide that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.

Based upon available evidence, petitioner's conviction became final 30 days after January, 25, 2001.

Further, petitioner claims to have filed an Application for Post-Conviction Relief, and alleges the date of filing is January 27, 2003, and that it was denied on February 13, 2003. [Rec. Doc. 1-1, p. 2 and 5]. Even tolling for the pursuit of the post-conviction, Petitioner appears to be substantially timebarred.

Upon consideration of the foregoing;

**IT IS ORDERED** that petitioner submit to the Clerk of Court, within thirty (30) days of the filing of this order, a response hereto setting forth facts and argument which demonstrate that review of petitioner's *habeas* claim is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. Petitioner may attach any and all documentation which he chooses in support of his response.

In the event that petitioner is unable to provide such documentary evidence, he is to notify the court in advance of the

thirty day deadline; and, within the period allotted, he should file an amendment to his petition stating the dates that the aforementioned writ and application were filed.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) and/or 16(f) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE