U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____/DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE RHYMES | CIVIL ACTION NO. 05-0931-A |
| VS. | SECTION P |
| CLOVIS TILLERY, WARDEN | JUDGE LITTLE |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on May 27, 2005 by *pro se* petitioner Ronnie Rhymes. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Richwood Correctional Center, Monroe, Louisiana where he is serving a ten year hard labor sentence imposed following his January, 2001 convictions for cruelty to a juvenile and forgery, and his adjudication as an habitual offender in Louisiana's Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, exhibits, and published jurisprudence of the State of Louisiana establish the following relevant facts:

1. Petitioner was charged with one count of cruelty to a

juvenile and one count of forgery in the matter entitled <u>State of Louisiana v. Ronald Lynn Rhymes</u>, Docket Number 257,614 of the Ninth Judicial District Court. Following trial by jury on January 23-25, 2001 he was found guilty as charged. [Doc. 9-6, pp. 1-4; Doc. 9-7, p. 4]

Petitioner was represented by retained counsel during the trial, Mr. Michael A. Brewer. On January 30, 2001, Brewer corresponded with petitioner and informed him that additional funds would be necessary to retain counsel for the appeal and to have the court record prepared for appeal. [Exhibits, p. 11] On February 5, 2001, petitioner retained Mr. Brewer to represent him on his appeal. [Exhibit, p. 40]

2. On March 2, 2001 petitioner was sentenced to serve ten years at hard labor. On March 9, 2001, his retained counsel, Mr. Brewer, filed a Notice of Appeal on behalf of the petitioner. [Exhibit, p. 39] On March 8, 2001, Mr. Brewer designated the entire trial record and requested the Clerk of Court to prepare same for appeal. [Exhibit, p. 42]

3. On April 9, 2001, petitioner retained Attorney Noland J. Hammond to handle his appeal. [Exhibit, p. 49] On April 27, 2001, Mr. Hammond sent Mr. Brewer a Joint Motion to Substitute Counsel. Hammond also requested the balance of any appeal funds in Brewer's possession. [Exhibit, p. 46-47] On May 8, 2001 Mr. Hammond was enrolled as counsel of record. [Exhibit, p. 48]

4. On May 25, 2001 petitioner, who had previously been charged as an Habitual Offender (La. R.S.15:529.1), pled guilty and was adjudicated as such and sentenced to serve ten years at hard labor. These proceedings were also filed under Docket Number 257,614. [Exhibit, p. 87]

5. On May 29, 2001, the Rapides Parish Clerk of Court sent an invoice to Mr. Hammond. This invoice itemized the costs of court and the costs of preparing the transcript for appeal. The amount totaled $1,295.50 and payment was demanded within forty-five days of the date of the invoice. [Exhibit, p. 50]

6. On May 24, 2001 petitioner was indicted by the Rapides Parish Grand Jury and charged with perjury. According to the Bill of Indictment, petitioner made a false statement under oath when he testified on his own behalf at his trial on January 25, 2001. These charges were docketed under Docket Number 261,511. [Exhibit, p. 81]

On July 9, 2001, petitioner entered into a plea agreement and pled guilty to perjury and to a felony theft count. In accordance with the plea agreement, petitioner was sentenced to serve concurrent two year sentences. However, these sentences were ordered to be served consecutive to the sentences imposed in Docket Number 257,614. [Exhibits, p. 83]

7. Sometime prior to October 25, 2001, petitioner filed a *pro se* Motion for Out of Time Appeal. On October 25, 2001, the

trial court denied the Motion and noted, "...the record reflects the defendant filed a written Notice of Appeal on March 9, 2001 through his attorney of record, Michael A. Brewer, which was abandoned by the defendant on July 16, 2001 after failing to pay the costs of transcription of the record." [Exhibit, pp. 55-57]

8. Prior to October 21, 2001, petitioner wrote a letter to the Louisiana Appellate Project. On October 21, Mr. Looney, the Executive Director of the Louisiana Appellate Project wrote petitioner and advised him that his agency could not provide representation unless and until the district court made such an appointment. [Exhibit, p. 44]

9. On May 30, 2002 petitioner filed a *pro se* "Motion for Copies of ... Boykin Examination." On the same date the Motion was denied because, as noted by the court, since petitioner was convicted in a trial, there was no "Boykin" examination. [Exhibit pp. 63-64]

On July 3, 2002 petitioner filed a *pro se* "Motion for Trial Transcript and Sentencing Transcript." On July 9, 2002, the Motion was denied. [Exhibit, pp. 62-62A]

On July 18, 2002 petitioner filed a *pro se* "Motion for Preliminary Hearing Transcript ... and All Relevant Documents in Above Mentioned Cases." On July 25, 2002, the Motion was denied; in denying this Motion, the trial court noted, "To obtain these documents free of charge, the defendant has to state a

4

particularized need for same." [Exhibits, pp. 60-61]

On September 10, 2002, petitioner filed a *pro se* "Motion for Copies of Verbatim Transcript of Boykin Examination Guilty Plea and Sentencing Hearing" seeking transcripts relative to his perjury and theft conviction. [Doc. 78-80]

10. On November 20, 2002 petitioner filed a *pro se* "Motion to Correct Illegal Sentence provided by Louisiana C.Cr.P. Article 882." This pleading attacked the legality of his Habitual Offender adjudication and alleged that one of the predicate felonies was more than five years old. On November 21, 2002, the motion was denied. The trial court noted that the cleansing period of the Louisiana Habitual Offender statute (R.S.15:529.1) is ten years. [Exhibits, pp. 97-98]

Petitioner filed a similar motion in December, 2002. In this motion petitioner claimed that the worthless check charge which was used as a predicate felony was a misdemeanor and thus could not support an Habitual Offender adjudication. This motion was denied on December 10, 2002. In denying the motion, the trial court noted that issuing worthless checks in an amount over $100 but less than $500 is a felony offense. [Exhibits, pp. 99-100]

11. On January 24, 2003 petitioner filed a *pro se* "Motion for Production of Trial Transcripts..." On January 31, 2003 this Motion was denied. [Exhibits, pp. 67-70]

12. On January 27, 2003 petitioner filed a *pro se*

5

application for post-conviction relief. [See Doc. 1-1, paragraph 7(b)(iii)]. In that pleading petitioner alleged: (a) that his attorney, Michael Brewer did not timely file an appeal; (b) that his trial counsel was ineffective for failing to obtain witness testimony that could have disputed the state's version of the case; specifically, counsel failed to establish that petitioner's ex-wife had fabricated the charges and lied in her testimony; (c) that two jurors lied about their knowledge of petitioner during the voir dire examination; and (d) trial counsel did not retain an expert witness to refute the state's theory of the case. On February 13, 2003, the application was denied. In denying the application, the court noted, "The petition for Post-Conviction relief is denied in that the petition did not have a supporting affidavit as required by La. C.Cr.P. art. 926(c) and also because a review of the pleadings and the trial transcript reflect the application is without merit." [Exhibit, pp. 51-53]

13. On March 24, 2003 petitioner filed a *pro se* Application for a Supervisory Writ in the Third Circuit Court of Appeals. Petitioner sought review of the trial court's denial of his "Motion for Production of Trial Transcripts..." [Exhibit pp. 65-66]

14. On August 8, 2002 petitioner filed an Application for Writ of Review in the Third Circuit Court of Appeals seeking review of some pleadings filed in Docket Number 257,614. On

January 24, 2003, writs were denied. The Third Circuit noted, "Relator failed to prove he is entitled to the requested documents free of charge. State ex rel. Simmons v. State, 93-0275 (La. 12/16/94); 647 So.2d 1094 and State ex rel. Bernard v. Criminal District Court, 94-2247 (La. 4/28/95); 653 So.2d 1174. Additionally, the time limitation in which to file an application for post-conviction relief may not be extended beyond the delays provided by the legislature. La. Code Crim.P. art. 930.8 and State v. Daigle, 593 So.2d 676 (La. App. 3 Cir. 1991, writ denied, 604 So.2d 980 (La. 1992)."

15. On December 19, 2002, petitioner filed a *pro se* Application for Writ of Review in the Third Circuit Court of Appeals seeking review of the Habitual Offender proceedings in Docket Number 257,614. On May 21, 2003 this writ was denied. State of Louisiana v. Ronald L. Rhymes, KH 02-01480 (La. App. 3d Cir. 5/21/2003). [Exhibit, pp. 108-109]

16. Prior to February 20, 2003 petitioner wrote a letter to the Court Reporter for the District Court making inquiry about his trial transcripts. On February 20, 2003, the District Judge advised petitioner, "This office is not in possession of your trial transcripts because the estimated costs of transcription of $725.00 have never been paid. These costs were mailed to your first attorney on May 29, 2001 and as of this date, these costs have not been paid." [Exhibit, p. 54]

7

17. On July 3, 2003 petitioner filed a *pro se* "Motion for Production of Copies of Verbatim Transcript of Jury Trial (1-25-01)." On the same day, the Motion was denied. [Exhibit, pp. 72-73]

18. On December 17, 2003 petitioner filed a *pro se* writ application in the Third Circuit Court of Appeals seeking review of pleadings filed on June 30, 2003, July 3, 2003, February 4, 2002 and May 30, 2002. Since the application contained copies of only one of the pleadings, and did not contain copies of the trial court's reasons for judgment, or an order setting a return date, the court denied the writ without prejudice on January 27, 2004. <u>State of Louisiana v. Ronald L. Rhymes</u>, No. KH 03-01717 (La. App. 3d Cir. 1/27/2004).

19. On February 28, 2005, petitioner filed a *pro se* "Motion to Vacate Petitioner's Sentence Under the Habitual Offender Law." On March 8, 2005 this motion was denied. [Exhibit, pp. 110-130]

20. Prior to March 24, 2005 petitioner sent a letter to the Louisiana Appellate Project complaining that the court denied his motion for assistance with an appeal. On March 24, 2005, Ms. Paula Marx, Regions 2 and 3 Supervisor of the Louisiana Appellate Project, responded to petitioner's request and advised him that representation by her agency required a court appointment. [Exhibit, p. 45]

21. Sometime in 2004 petitioner filed a writ application in

the Louisiana Supreme Court seeking review of some unspecified ruling of the Ninth Judicial District Court under Docket Number 225,258. On June 3, 2005, the court, citing State ex rel. Bernard v. Cr. D.C., 94-2247, p. 1 (La. 4/28/95, 653 So.2d 1174, denied relief. State ex rel. Ronald Rhymes v. State of Louisiana, 2004-2266 (La. 6/3/05), 903 So.2d 448.

22. Petitioner's undated petition for writ of *habeas corpus* was received and filed in this court on May 27, 2005. Petitioner raised the following claims for relief: (1) Violation of Due Process - "Counsel Michel [sic] Brewer went against rules of clients and attorneys, duties and loyalty between Attorney and Client. When counsel Brewer stated his client refused plea and made statements such as, 'take it and ram it up his and all that stuff.' Counsel Brewer fail[ed] to file appeal and give paying client his transcript." (2) Violation of the "Right to Individual Dignity - Attorney Brewer aggravated District Attorney Roger Breedlove and Judge Yeager. When statement was made of his client's refusing plea agreement and making unpleasant statement toward the assistant D.A." (3) Ineffective Assistance of Counsel- "Counsel Brewer refused to call attention of daughter's first video statement, which his client requested of him. To request his client to take the stand and not properly prepare him, misleading client to think it's for his best. Causing client to make statements that would perjure [sic]." [Doc. 1-1, pp. 2-3;

9

Exhibits, pp. 9-10]

## **LAW AND ANALYSIS**

1. Exhaustion of State Court Remedies

Title 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*      \*      \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102

10

S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), cert. denied sub nom. Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Louisiana Supreme Court. According to the presumptively reliable published jurisprudence, the only claim litigated by petitioner before Louisiana's Supreme Court involved a Ninth Judicial District Court case assigned Docket Number 225,258 and assigned to Division E of that court. The claims asserted in petitioner's federal *habeas corpus* petition involve litigation docketed under the Ninth Judicial District Court's Docket Number 257,614 and assigned to Division X of that court. Therefore, it is clear that the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's federal *habeas corpus* claims and those claims thus remain unexhausted. Absent a showing that state remedies are either unavailable or inadequate, he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; <u>Fuller v. Florida</u>, 473 F.2d 1383, 1384 (5th Cir.1973); <u>Frazier v. Jones</u>, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of <u>mixed</u> *habeas* petitions recently addressed by the Supreme Court in <u>Rhines v. Weber</u>, --- U.S. ----, 125 S.Ct. 1528, --- L.Ed.2d---- (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing

exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

2. Timeliness

In any event, to the extent that petitioner would be unable to assert his claims now in the courts of Louisiana, his failure to exhaust cannot be excused because his federal claims are now clearly barred by the timeliness provisions of 28 U.S.C. §2244(d).

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provision cited above. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He

13

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction and sentence became final when his appeal was dismissed for failure to pay the costs of appeal. According to the evidence submitted by the petitioner, this event occurred on July 16, 2001. [See Exhibit pp. 55-57] Under the AEDPA, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" when his appeal was dismissed due to his failure to pay costs. (See La. C.Cr.P.

---

does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Nor does he claim that the factual predicate of his claim was only recently discovered.

art. 914.1(C)(3)(c)). He thus had one year, or until July 16, 2002 within which to file his federal *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because by the time he filed his application for post-conviction relief on January 27, 2003, the one-year limitations period had already long expired. Nor could the various and sundry other pleadings filed by petitioner during the relevant time period serve to toll the limitations period.

Petitioner's Motion for an Out-of-Time Appeal was filed sometime prior to October 25, 2001. Even assuming that this pleading was filed immediately after the dismissal of his appeal on July 16, 2001, the pleading could have tolled the limitations period only until October 25, 2001 when it was dismissed and thus was no longer pending. [See Exhibit, pp. 55-57] Thus, even if the limitations period were reckoned from October 25, 2001, it would have concluded on October 25, 2002. As shown above, he did not file his Post-Conviction Application until January, 2003. Thus, even if the limitations period is tolled until October, 2001, petitioner's federal habeas corpus petition is clearly prescribed. Further, his Motion to Correct an Illegal Sentence, filed in November, 2002 was insufficient to toll limitations since it too was filed after the limitations period had expired.

Nor can petitioner rely on his various motions for documents

15

to toll the limitations period. Such motions cannot be considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See <u>Boyd v. Ward</u>, 2001 WL 533221, *4 (E.D.La.2001); <u>Brisbon v. Cain</u>, 2000 Wl 45872, *2 (E . D.La.2000); <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 263 (5th Cir.2002) citing <u>Williams v. Cain</u>, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); See also <u>Myers v. Cain</u>, 2001 WL 1218763, *4 (E.D.La., 2001).

### 3. Conclusion

It is clear that none of petitioner's federal habeas corpus claims have been exhausted as required by statutory and jurisprudential law. Further, it is equally clear that even if these claims may be considered "technically exhausted" because petitioner may have no state remedies available at this time, the claims are barred by the AEDPA limitations period.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's *habeas* claims remain unexhausted and are time-barred by the provisions of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten

(10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 3rd day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE